UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WORLD GOLD TRUST SERVICES, LLC,
                                **Plaintiff,**

                – against –

GOLDCOIN DEVELOPERS GROUP LP AND
GREGORY W. MATTHEWS,
                           **Defendants.**

---

20-cv-4667 (JGK)

<u>MEMORANDUM OPINION</u>
<u>AND ORDER</u>

**JOHN G. KOELTL, District Judge:**

The plaintiff, World Gold Trust Services, LLC, brings this action for trademark violations, and for breach of a settlement agreement that the plaintiff and the defendants, GoldCoin Developers Group LP and Gregory Matthews, entered into to resolve a previous lawsuit for those same violations. Compl., ECF No. 11. On October 26, 2020, the Clerk of Court entered a default against the defendants after they failed to respond to the complaint. ECF No. 22. The plaintiff then moved by order to show cause for a default judgment, ECF No. 38, against the defendants, and the defendants failed to respond to that order. The plaintiff now seeks a judgment on its claim for breach of contract including both liquidated damages and equitable relief. For the following reasons, the plaintiff's motion is **granted**.

## I. Background

The plaintiff holds the trademark "GLD," covering "financial services in the nature of an investment security, namely, offers for undivided shares of trust assts, namely, gold bullion." Compl. ¶ 13. The plaintiff uses "GLD" in connection with a gold-backed

exchange-traded fund ("ETF"). Id. ¶ 8. The defendants, GoldCoin Developers Group LP and its founder Gregory Matthews, launched a cryptocurrency called GoldCoin. Id. ¶¶ 18-19. They also used the acronym "GLD" in connection with their product. Id. ¶ 23. In 2018, the plaintiff brought suit against the defendants alleging trademark violations. Id. ¶ 56. The parties settled the dispute, signing an agreement in which the defendants agreed to cease using the mark and take certain steps to mitigate the confusion caused by its use of the mark (the "Settlement Agreement"). Id. ¶¶ 57-61. On June 24, the plaintiff brought this suit, alleging breach of the settlement agreement. ECF No. 11.

## II. Discussion

Federal Rule of Civil Procedure 55 sets forth a two-step procedure for entering judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).[1] The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Under Rule 55(a), the Clerk of the court is empowered to enter a default against a party that has not appeared. Green, 420 F.3d at 104. The Clerk has entered such a default against the defendants in this case. "The court may set

---

[1] Unless otherwise noted, in quotations from caselaw, this Opinion omits all alterations, brackets, citations, emphases, and internal quotation marks.

aside an entry of default for good cause," Fed. R. Civ. P. 55(c), but "[t]his standard requires a court to weigh (1) the willfulness of the default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013).

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Mickalis, 645 F.3d at 128. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## A. The Court has jurisdiction over the parties and action.

As a preliminary matter, the Court determines that it has jurisdiction over the parties and the action. Parties may consent to personal jurisdiction, including by a prior agreement. See Carnival Cruise Lines v. Shute, 499 U.S. 585, 588-89 (1991). In this case, the defendants signed the Settlement Agreement, which provided that all disputes connected thereto were to be litigated in this District, and that the defendants waived any objection to this Court's jurisdiction. Boerman Decl. Ex. C, ECF No. 25-3 ("SA"), § 4.1. Because the complaint alleges breach of the settlement agreement and related claims, Compl. ¶¶ 74-105, the defendants have consented to personal jurisdiction in this action.

3

The Court also has subject matter jurisdiction over the action. A district court has jurisdiction over actions arising under the laws of the United States. 28 U.S.C. § 1331. The plaintiff alleges that it owns the GLD mark, Compl. ¶ 13, and that defendants used that mark, id. ¶ 76, in a manner that created a likelihood of confusion, id. ¶ 75, thereby adequately alleging breach of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). As such, the Court has subject matter jurisdiction over the Lanham Act claims. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over all the state law claims, since they all arise out of the same "nucleus of operative fact," United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) — namely, the use of the GLD mark and the lawsuit that arose from it.

**B. Good cause to set aside the default is not present.**

The defendants' failure to respond to the complaint and to the motion for a default judgment indicate willful conduct. Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 31 (E.D.N.Y. 2015). This is magnified, in this case, by the fact that in a prior litigation between the parties, the defendants did in fact defend the action, see Notice of Appearance, World Gold Tr. Servs., LLC v. Goldcoin Devs. Grp. LP, No. 18-cv-2104, ECF No. 18 (S.D.N.Y. June 19, 2018), which suggests that they were aware of the action and able to defend, and simply chose not to.

Second, because the defendants have not filed an answer, "there is no evidence of any defense," Fermin, 93 F. Supp. 3d at

4

31; nor is there an answer in the original action from which the Court might infer a valid defense.

Third, the plaintiff would be prejudiced if denied the ability to seek judgment. World Gold Trust has no alternative legal redress to obtain damages or injunctive relief, and thereby be made whole. See id. As such, good cause is not present, and the Court will not set aside the default.

## C. The plaintiff is entitled to relief on its breach of contract claim.

In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true. See Mickalis, 645 F.3d at 137. With respect to damages, the plaintiff bears the burden of establishing its entitlement to the relief sought. See Trs. of Local 813 Ins. Tr. Fund v. Rogan Bros. Sanitation Inc., No. 112-cv-6249, 2018 WL 1587058, at *5 (S.D.N.Y. Mar. 28, 2018). In the case of a default where the defendant has never appeared, "a court may base its determination of damages solely on the plaintiff's submissions." Id. (citing Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). While the Court must "take the necessary steps to establish damages with reasonable certainty," Transatlantic Marine Claims Agcy., Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) the Court need not hold a hearing "as long as it ensure[s] that there [is] a basis for the damages specified in a default judgment." Fustok, 873 F.2d at 40. In this

5

case, a hearing is unnecessary because the plaintiff's submissions have not been contested and they provide all the information necessary to determine the plaintiff's damages. Moreover, no party in this case has requested a hearing on damages.

The Court applies New York choice-of-law rules to the claims over which it has supplemental jurisdiction. See Rogers v. Grimaldi, 875 F.2d 994, 1002 (2d Cir. 1989). Under New York law, courts generally enforce choice-of-law clauses. Ministers & Missionaries Ben. Bd. v. Snow, 26 N.Y.3d 466, 470 (2015). The Settlement Agreement provides that it is to be governed by New York law. SA § 8.1. Because there is no reason not to honor this choice in this case, New York law applies to the breach of contract claim.

To state a breach of contract claim under New York law, a plaintiff must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004). A settlement agreement is no different. AmTrust N. Am., Inc. v. MBA Network, LLC, No. 18-cv-6241, 2020 WL 8609020, at *3 (S.D.N.Y. Dec. 2, 2020). In this case, the plaintiff alleged the existence of the Settlement Agreement. Compl. ¶ 57. The plaintiff further alleged that, under the Settlement Agreement, it was obligated to release the defendants from certain claims, id. ¶ 62, which it did by dismissing the

previous action. <u>See</u> Notice of Voluntary Dismissal, <u>World Gold Tr.</u>

<u>Servs., LLC v. Goldcoin Devs. Grp. LP</u>, No. 18-cv-2104, ECF No. 45.

The plaintiff has alleged numerous breaches by the defendants,

including: (i) failing to remove uses of the GLD mark under their

control, Compl. ¶ 64; (ii) failure to deregister certain domain

names or relinquish ownership thereof, and failure to notify the

plaintiff prior to doing so, <u>id.</u> ¶ 67; and (iii) failure to seek

approval of a press release from the plaintiff, <u>id.</u> ¶ 69. Finally,

the plaintiff has alleged damages, in the form of fees incurred to

secure compliance with the Settlement Agreement, <u>id.</u> ¶ 65, and

damage to the plaintiff's mark, <u>id.</u> ¶ 100. Taking these

allegations as true, as the Court must given the defendants'

default, the defendants are liable for breach of contract.

### D. The plaintiff is entitled to liquidated damages.

Under New York law, liquidated damages agreed to in a

contract are enforceable as long as they represent "an estimate,

made by the parties at the time they enter into the agreement, of

the extent of the injury that would be sustained as a result of

breach," rather than a penalty. <u>Truck Rent-A-Ctr., Inc. v. Puritan</u>

<u>Farms 2nd, Inc.</u>, 41 N.Y.2d 420, 424 (1977). "Liquidated damages

are not penalties if they bear a reasonable proportion to the

probable loss and the amount of actual loss is incapable or

difficult of precise estimation. . . . The party challenging the

liquidated damages provision bears the burden of proving that the

provision constitutes a penalty." Wechsler v. Hunt Health Sys.,

Ltd., 330 F. Supp. 2d 383, 413 (S.D.N.Y. 2004).

Section 4.2 of the Settlement Agreement provides for

liquidated damages of $50,000. This is reasonably a provision for

liquidated damages, and not a penalty. First, liquidated damages

are paradigmatically appropriate in trademark cases. Where use of

a mark is likely to cause confusion, the plaintiff loses control

of a trademark, and thereby of its reputation. L & L Wings, Inc.

v. Marco-Destin Inc., 756 F. Supp. 2d 359, 364 (S.D.N.Y. 2010).

The resulting damage to a plaintiff's "reputation and goodwill" is

"nearly impossible to quantify." Id. The plaintiff has alleged

clear negative consequences of confusion in this case, including

the tarnishing of the plaintiff's reputation for providing a

stable and reliable service, Compl. ¶ 17, by association with the

defendants' risky and unreliable one, id. ¶¶ 31-32, 38-39.

Second, the plaintiff alleges over $60 billion in assets

under management. Id. ¶ 10. $50,000 is a very modest percentage of

that sum. The most marginal decline in investor confidence could

easily induce such a loss, before even considering the

rehabilitative measures the plaintiff alleges it has undertaken,

id. ¶ 65, or those it may need to take in the future.

Third, having not appeared to argue or present evidence to

the contrary, the defendants have not met their burden of proving

that the provision constitutes a penalty. Accordingly, the

8

plaintiff has readily met its burden of showing that it is entitled to the amount requested.

### E. The plaintiff is entitled to equitable relief.

Under New York law, granting liquidated damages does not preclude granting equitable relief, Granite Broadway Dev. LLC v. 1711 LLC, 845 N.Y.S.2d 10, 11 (App. Div. 2007) (granting both liquidated damages and specific performance), in the absence of "something more, such as explicit language in the contract that the liquidated damages provision was to be the sole remedy," Rubinstein v. Rubinstein, 244 N.E.2d 49, 52 (1968). Although the Settlement Agreement provides that liquidated damages would be "in lieu of actual damages," SA § 4.2, it contains no indication that damages were the only remedy possible. As such, the plaintiff should be entitled to equitable relief.

Specific performance is unavailable in a contract action unless there is no adequate remedy at law. See Rubinstein, 244 N.E.2d at 51. That is the case here. "Because the losses of reputation and goodwill and resulting loss of customers are not precisely quantifiable, remedies at law such as monetary damages cannot adequately compensate [the plaintiff] for its injuries." NYP Holdings v. N.Y. Post Pub. Inc., 63 F. Supp. 3d 328, 342 (S.D.N.Y. 2014). The monetary damages in this case are a minute fraction of the potential loss to the plaintiff, suggesting they serve to compensate the plaintiff for rehabilitative measures, not represent the entire potential loss going forward. See Granite,

9

845 N.Y.S.2d at 11. As such, the plaintiff is entitled to specific performance of the contract.

For similar reasons, the Court also grants the plaintiff's request for an order transferring ownership of the GLD Domain Names to the plaintiff. Courts have broad flexibility in crafting equitable relief, Swann v. Charlotte-Mecklenburg Bd. of Ed., 402 U.S. 1, 15 (1971), and this specific relief has been granted by courts in this Circuit in the past, e.g., Philip Morris USA, Inc. v. Otamedia Ltd., 331 F. Supp. 2d 228, 246-47 (S.D.N.Y. 2004) (granting such relief in a case involving trademark violations); Tiffany (NJ) LLC v. Dong, No. 11-cv-2183, 2013 WL 4046380, at *15 (S.D.N.Y. Aug. 9, 2013) (granting such relief, alongside damages and specific performance, in a case involving trademark violations). In light of the defendants' refusal to comply, negotiate, or even appear to defend this action, this relief is necessary to effectuate the defendants' obligation to cease using the infringing GLD domain names. This transfer merely enforces the defendants' obligations under the contract, which the plaintiff in its complaint requested they be required to perform. As such, the relief does not go beyond what is demanded in the complaint, cf. Fed. R. Civ. P. 54(c).

Because the plaintiff is entitled to the relief it seeks based only on its breach of contract claim, the Court does not address the plaintiff's remaining contentions.

10

## Conclusion

The plaintiff's request for a default judgment against the defendants **granted**. The plaintiff should submit a proposed judgment within five days. The defendants may submit a response three days thereafter.

SO ORDERED.

Dated:      New York, New York
            September 10, 2021

                                        _____
                                            John G. Koeltl
                                        United States District Judge

11